

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ISRAEL SIMON LOPEZ, | ) | Nos. 14-73684 & 16-71490 |
| | ) | |
| Petitioner, | ) | Agency No. A087-451-159 |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| JEFFERSON B. SESSIONS III | ) | |
| Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2018

San Francisco, California

Before: McKEOWN, FUENTES,** and BEA, Circuit Judges.

Israel Simon Lopez, also known as Israel Lopez-Simon, petitions this Court

for review of the final order of the Board of Immigration Appeals denying his

motion to reopen his application for asylum and withholding of removal.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The Honorable Julio M. Fuentes, United States Circuit Judge for the U.S.
Court of Appeals for the Third Circuit, sitting by designation.

Concurrently, Simon Lopez petitions for review of the final order denying his application for asylum and withholding of removal. We deny both petitions.

"To qualify for asylum, an applicant must show that she . . . 'is unable or unwilling to return to [her home country] . . . because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'"[1] "We review factual findings . . . under the deferential substantial evidence standard."[2] "We may reverse factual determinations only when 'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record."[3] "Although the basis for our review is limited to the administrative record, we consider that record in its entirety, including evidence which contradicts the BIA's findings."[4]

Simon Lopez's initial petition is denied because he has failed to demonstrate his membership in a particular social group or a well-founded fear of persecution

---

[1]*Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (quoting 8 U.S.C. § 1101(a)(42)(A)).

[2]*Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

[3]*Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

[4]*Mgoian v. INS*, 184 F.3d 1029, 1034 (9th Cir. 1999).

should he be removed to his country of origin, Mexico.[5]  Here, the record does not establish that Simon Lopez actually cooperated with police with respect to the 2003 shooting in Phoenix, Arizona.  The record neither supports the contention that imputed informants are a particular social group in Mexican society,[6] nor that Simon Lopez's alleged persecutors harassed him in Mexico in 2009 and 2010 because of his purported cooperation with police in Phoenix, Arizona, in 2003.  Simon Lopez does not connect the harassment and the break-in to any threats or intimidation specifically related to that cooperation, nor does he demonstrate that the gang believed him to have cooperated with police.  Independently, the incidents described by Simon Lopez do not give rise to a well-founded fear of persecution on the basis of membership in a particular social group.

Because the standard for withholding of removal is "more stringent than the well-founded fear standard governing asylum,"[7] we also deny review of the agency's decision not to grant withholding of removal.

Simon Lopez acknowledges that his motion to reopen is untimely, but

---

[5]*See generally* 8 U.S.C. § 1101(a)(42) (defining refugee as, *inter alia*, an individual with well-founded fear of persecution on account of membership in particular social group).

[6]*Cf. Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc) (Bea, J.) (holding that actual informants who testify in court proceedings are members of particular social group in El Salvador, where such witnesses are protected by statute).

[7]*Al-Harbi v. INS*, 242 F.3d 882, 889 (9th Cir. 2001).

moves to reopen his application on the grounds that the 2015 murder of his cousin, Juan Luis Lopez Diaz, constitutes changed country circumstances.[8] Simon Lopez contends that the murder of his cousin was a tragic case of mistaken identity, and that Simon Lopez was the real target. The Board's denial of that motion is reviewed for abuse of discretion.[9]

While Simon Lopez provides evidence that he has used Lopez Diaz's name, tSimon Lopez provides insufficient evidence to connect Lopez Diaz's death to Simon Lopez's alleged persecutors, let alone to show a *prima facie* link between that event and Simon Lopez's alleged status as an imputed cooperator whose cooperation occurred in 2003. On the record before the Court, the Board did not abuse its discretion when it denied Simon Lopez's motion to reopen.

DENIED.

---

[8]*See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing; nor shall any motion to reopen for the purpose of affording the alien an opportunity to apply for any form of discretionary relief be granted if it appears that the alien's right to apply for such relief was fully explained to him or her and an opportunity to apply therefore was afforded at the former hearing, unless the relief is sought on the basis of circumstances that have arisen subsequent to the hearing.").

[9]*Agonafer v. Sessions*, 859 F.3d 1198, 1203 (9th Cir. 2017); *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016); *Ordonez v. INS.*, 345 F.3d 777, 782 (9th Cir. 2003).